Robert M. Shaughnessy, Bar No. 174312
rshaughnessy@klinedinstlaw.com
KLINEDINST PC
501 West Broadway, Suite 1100
San Diego, California 92101
(619) 400-8000/FAX (619) 238-8707

Attorneys for Appellees BANK OF NEW YORK MELLON TRUST; NEWREZ LLC dba SHELLPOINT MORTGAGE SERVICING; and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| In Re GEORGE BARREDA,<br><br>Debtor, | Case No. 8:25-cv-02841-JLS<br>(Bankruptcy Case No. 8:25-bk-11411-SC)<br><br>**APPELLEE'S ANSWERING BRIEF** |
| GEORGE BARREDA,<br><br>Appellant,<br><br>v.<br><br>BANK OF NEW YORK MELLON TRUST, NEWREZ LLC dba SHELLPOINT MORTGAGE SERVICING, THE MORTGAGE LAW FIRM PLC, AUCTION.COM LLC, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS INC. (MERS), DOES 1-50,<br><br>Appellees. | |

KLINEDINST PC
501 WEST BROADWAY, SUITE 1100
SAN DIEGO, CALIFORNIA 92101

KLINEDINST PC
501 WEST BROADWAY, SUITE 1100
SAN DIEGO, CALIFORNIA 92101

## DISCLOSURE STATEMENT

Appellees Bank of New York Mellon, Trustee, Newrez LLC, d.b.a. Shellpoint Mortgage Servicing, and Mortgage Electronic Registration Systems Inc., by and through their undersigned counsel of record, hereby submit the following corporate disclosure statements as required pursuant to Rule 8012 of the Federal Rules of Bankruptcy Procedure ("FRBP"):

Newrez LLC, d.b.a. Shellpoint Mortgage Servicing is a wholly-owned subsidiary of NewRezHoldings LLC f.k.a. Shellpoint Partners LLC, a Delaware limited liability company. NewRezHoldings LLC f.k.a. Shellpoint Partners LLC is a wholly-owned subsidiary of NRM Acquisition LLC, and NRM Acquisition II LLC, Delaware limited liability companies. Both NRM Acquisition entities are wholly-owned subsidiaries of New Residential Mortgage LLC, a Delaware limited liability company. New Residential Mortgage LLC is a wholly-owned subsidiary of RithmCapital Corp. a Delaware corporation. Rithm Capital Corp., f.k.a. New Residential Investment Corp., is publicly traded on the New York Stock Exchange under the ticker symbol RITM, and was previously traded under the ticker symbol NRZ.

Mortgage Electronic Registration Systems, Inc. is a wholly-owned subsidiary of MERSCORP Holdings, Inc., which is owned by ICE Mortgage Services, LLC. ICE Mortgages Services, LLC is owned by Intercontinental Exchange, Inc., a publicly held corporation.

The Bank of New York Mellon f.k.a. the Bank of New York is a subsidiary of the Bank of New York Mellon Corporation, a Delaware corporation that owns 10% or more of the shares of Bank of New York Mellon stock. The Bank of New York Mellon Corporation is a publicly held corporation whose stock is traded on the New York Stock Exchange under the symbol BK. The Bank of New York Mellon Corporation has no corporate parent, and no publicly held corporation owns 10% or more of its stock.

These disclosures are made solely for the purpose of compliance with FRBP 8012, and the appellees reserve the right to supplement them as needed.

KLINEDINST PC

DATED:  April 2, 2026

By: _____/s/Robert M. Shaughnessy_____
Robert M. Shaughnessy
Attorneys for Appellees BANK OF NEW YORK MELLON TRUST; NEWREZ LLC dba SHELLPOINT MORTGAGE SERVICING; and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS INC. (MERS)

KLINEDINST PC
501 WEST BROADWAY, SUITE 1100
SAN DIEGO, CALIFORNIA 92101

# TABLE OF CONTENTS

**Page**

DISCLOSURE STATEMENT ............................................................................... i

TABLE OF CONTENTS ................................................................................... iii

TABLE OF AUTHORITIES ............................................................................... v

I.   JURISDICTIONAL STATEMENT .................................................. 1

II.  STATEMENT CONCERNING ORAL ARGUMENT ....................... 2

III. STATEMENT OF THE CASE ........................................................ 2

    A.   Newrez moved for relief from the automatic stay. ................ 2

    B.   After failing to properly oppose the stay relief motion, Barreda filed a defective emergency motion to vacate the yet-to-be-entered order granting relief from the automatic stay ............................ 4

    C.   Following entry of the order granting the stay relief motion, Barreda filed a defective ex parte motion seeking temporary injunctive relief, and the scheduling of another emergency motion. ........................................................................ 5

IV.  SUMMARY OF ARGUMENT AND STANDARD OF REVIEW ................. 6

    A.   This appeal suffers from jurisdictional and procedural defects arising from Barreda's failure to perfect the appellate record and his untimely notice of appeal. ............................................... 6

    B.   Barreda fails to show the bankruptcy court abused its discretion in granting the stay relief motion, and in denying Barreda's emergency and ex parte motions ........................................... 7

        1.   Review is for an abuse of discretion ........................... 7

        2.   The bankruptcy court acted well within its discretion ................ 8

V.   ARGUMENT ............................................................................. 10

    A.   Barreda failed to file a timely notice of appeal; this Court lacks jurisdiction to review the final orders he challenges on appeal ............ 10

    B.   This appeal should be dismissed because Barreda failed to designate and perfect any record on appeal. ............................ 11

    C.   Newrez and the Bank established standing to file the stay relief motion. ............................................................................. 13

    D.   Barreda was given notice and an opportunity to be heard ............. 16

KLINEDINST PC
501 WEST BROADWAY, SUITE 1100
SAN DIEGO, CALIFORNIA 92101

iii

E.    There were at least two proper bases for granting relief from the automatic stay; the trustee's report did not warrant denial of the motion. ...................................................................................17

F.    Admissible evidence established a credible debt secured by Barreda's real property................................................................18

G.    The orders regarding the stay relief motion were proper and complied with any requirements under FRCP Rule 52(a)..................19

1.    Doc. 28: The order denying Barreda's emergency motion contained findings, analysis, and conclusions...........................20

2.    Doc. 29: The order granting the stay relief motion contained sufficient findings, analysis, and conclusions............21

3.    Doc. 33: The order denying Barreda's ex parte motion contained findings, analysis, and conclusions...........................21

H.    The debtor's exemptions were not a proper ground for denial of relief from the automatic stay provisions. ...........................................22

VI.    CONCLUSION .......................................................................................24

CERTIFICATE OF COMPLIANCE.........................................................................25

CERTIFICATE OF SERVICE ...................................................................................1

KLINEDINST PC
501 WEST BROADWAY, SUITE 1100
SAN DIEGO, CALIFORNIA 92101

APPELLEE'S ANSWERING BRIEF

**TABLE OF AUTHORITIES**

**Page**

**CASES**

*Ahanchian v. Xenon Pictures, Inc.*
   624 F.3d 1253 (9th Cir. 2010)..................................................................8, 23

*Baghdasarian v. SRT Partners, LLC (In re Baghdasarian)*
   2011 WL 4485244 (Mem. Dec.) (9th Cir. BAP July 8, 2011).......................15

*Benedor Corp. v. Conejo Enters., Inc.*
   96 F.3d 346 (9th Cir. 1996)....................................................................7, 23

*Biggs v. Stovin (\In re Luz Int'l, Ltd.\)*
   219 B.R. 837 (9th Cir. BAP 1998).................................................8, 14, 15, 19

*Brown v. Sobczak ("In re Sobczak")*
   369 B.R. 512 (9th Cir. BAP 2007)...................................................................13

*Budd v. Fid. Asset Mgmt., LLC (In re Budd)*
   2011 WL 4485190 (Mem. Dec.) (9th Cir. BAP July 12, 2011)......................15

*Cervantes v. Countrywide Home Loans, Inc.*
   656 F.3d 1034 (9th Cir. 2011)........................................................................16

*Expeditors Int'l of Wash., Inc. v. Citicorp N. Am., Inc. (In re Colortran, Inc.)*
   218 B.R. 507 (9th Cir. BAP 1997).....................................................9, 15, 23, 24

*GMAC Mortg. Corp. v. Salisbury (In re Loloee)*
   241 B.R. 655 (9th Cir. BAP 1999)......................................................9, 15, 23, 24

*Gomes v. Countrywide Home Loans, Inc.*
   192 Cal.App.4th 1149 (2011).........................................................................16

*Grella v. Salem Five Cent Sav. Bank*
   42 F.3d 26 (1st Cir. 1994) ...................................................................14, 15, 19

*Hamer v. Neighborhood Hous. Servs. of Chicago*
   138 S. Ct. 13 (2017) .....................................................................................6, 11

*In re Aguiar*
   311 B.R. 129, 131 (B.A.P. 1st Cir. 2004) .........................................................1

*In re Cruz*
   516 B.R. 594 (B.A.P. 9th Cir. 2014)...............................................................13

*In re Fitzsimmons*
   920 F.2d 1468, 1471 (9th Cir. 1990)...........................................................7, 12

*In re Hyatt*
   No. 11-20736-TLM, 2011 WL 6140736 (Bankr. D. Idaho Dec. 9, 2011) .....14

KLINEDINST PC
501 WEST BROADWAY, SUITE 1100
SAN DIEGO, CALIFORNIA 92101

APPELLEE'S ANSWERING BRIEF

*In re Jin Qing Li*
    No. 3:12-BK-33630, 2018 WL 1354548 (B.A.P. 9th Cir. Mar. 12,
    2018) ....................................................................................................14, 18

*In re Mense*
    509 B.R. 269 (Bankr. C.D. Cal. 2014) ..........................................................9, 18

*In re Scrap Disposal, Inc.*
    15 B.R. 296 (B.A.P. 9th Cir. 1981) ..............................................................9, 19

*In re Souza*
    795 F.2d 855 (9th Cir. 1986) ...........................................................................11

*In re Wilkins*
    587 B.R. 97 (B.A.P. 9th Cir. 2018) ..................................................................10

*Sardana v. Bank of America (In re Sardana)*
    2011 WL 3299861 (Mem. Dec.) (9th Cir. BAP June 7, 2011) .......................15

*U. S. Fid. & Guar. Co. v. Lawrenson*
    334 F.2d 464 (4th Cir. 1964) .........................................................................8, 17

*U.S. Bank N.A. v. Villalobos*
    562 F.3d 964 (9th Cir. 2009) ...........................................................................13

*Veal v. Am. Home Mortg. Servicing, Inc. (In re Veal)*
    450 B.R. 897 (9th Cir. BAP 2011) ................................................8, 13, 15, 19

*Ybarra v. McDaniel*
    656 F.3d 984 (9th Cir. 2011) .........................................................................8, 23

## STATUTES

11 U.S.C. § 105(a) ...........................................................................................5

11 U.S.C. § 362.....................................................................................1, 2, 4

11 U.S.C. § 362(a) ...........................................................................................21

11 U.S.C. § 362(d) ...................................................................................2, 8, 13

11 U.S.C. § 362(d)(2) ..............................................................................9, 17, 18

11 U.S.C. § 362(g)(2) .................................................................................9, 18

11 U.S.C. §§ 362(d)(1) ............................................................................passim

11 U.S.C. §§ 362(d)(4) ............................................................................passim

28 U.S.C. § 157............................................................................................1

28 U.S.C. § 158(a)(1) ..............................................................................1, 2

APPELLEE'S ANSWERING BRIEF

KLINEDINST PC
501 WEST BROADWAY, SUITE 1100
SAN DIEGO, CALIFORNIA 92101

28 U.S.C. § 158(c)(2) ...............................................................................................11

**RULES**

FRBP, Rule 4001(a)(3) .................................................................................3, 18, 21

FRBP, Rule 7001(2) .....................................................................................9, 15, 23

FRBP, Rule 7001(7) ...................................................................................................5

FRBP, Rule 7004 .......................................................................................................6

FRBP, Rule 7052 .....................................................................................................10

FRBP, Rule 7065 .......................................................................................................5

FRBP, Rule 752 .......................................................................................................19

FRBP, Rule 8002(a)..............................................................................................6, 10

FRBP, Rule 8002(a)(1)..........................................................................................6, 10

FRBP, Rule 8002(b)(1) ............................................................................................10

FRBP, Rule 8006 .......................................................................................................7

FRBP, Rule 8009 .....................................................................................................11

FRBP, Rule 8009(a)(1)(A) ......................................................................................11

FRBP, Rule 8009(a)(1)(B).......................................................................................11

FRBP, Rule 8009(b)(1)(A) ......................................................................................11

FRBP, Rule 9023 .....................................................................................................10

FRBP, Rules 8001 through 8028..............................................................................11

FRCP Rule 60(b)(2) ...................................................................................................4

FRCP Rule 65(b) .......................................................................................................5

FRCP, Rule 52(a)...................................................................................19, 20, 21, 22

FRCP, Rule 60(b) ..........................................................................................4, 20, 21

FRCP, Rule 60(b)(4)..................................................................................................5

FRCP, Rule 60(b)(6)..................................................................................................5

USBC-Central District, LBR 7065-1.........................................................................5

USBC-Central District, LBR 8000-1(a) ..................................................................11

KLINEDINST PC
501 WEST BROADWAY, SUITE 1100
SAN DIEGO, CALIFORNIA 92101

APPELLEE'S ANSWERING BRIEF

USBC-Central District, LBR 9013(j)(3) ...........................................................4, 5

USBC-Central District, LBR 9013-1.................................................................4, 5

USBC-Central District, LBR 9013-1(j)(3) .......................................................8, 17

USBC-Central District, LBR 9075-1(a) .............................................................4, 5

KLINEDINST PC
501 WEST BROADWAY, SUITE 1100
SAN DIEGO, CALIFORNIA 92101

KLINEDINST PC
501 WEST BROADWAY, SUITE 1100
SAN DIEGO, CALIFORNIA 92101

# I.    JURISDICTIONAL STATEMENT

Under 28 U.S.C. § 158(a)(1), a district court has jurisdiction to hear timely appeals from a final judgment, order, or decree entered by a bankruptcy judge in cases and proceedings referred to a bankruptcy judge under 28 U.S.C. § 157. Based upon appellant George Barrada's opening brief, this appeal purports to be taken from three orders issued by a bankruptcy judge in the case of *In re Debtor George Barreda,* Case No. 8:25-bk-11411, filed in the United States Bankruptcy Court for the Central District of California. (Doc. 28, Doc. 29, and Doc. 33.[1])

All three orders discussed in Barreda's appeal relate to the bankruptcy court's ruling in favor of appellees, Bank of New York Mellon, as Trustee for the Certificateholders of the CWABS Inc., Asset-Backed Certificates, Series 2006-24 ("Bank") as serviced by Newrez, LLC d.b.a. Shellpoint Mortgage Servicing ("Newrez"). In summary, the bankruptcy court granted the motion for relief from the automatic stay under 11 U.S.C. § 362, to permit Newrez to enforce the Bank's foreclosure remedies and obtain possession of certain real property in accordance with applicable non-bankruptcy law. (See Doc 29.) On the same day that it granted the motion, the bankruptcy court denied Barreda's emergency motion to vacate the same ruling and final order. (Doc. 28.) Shortly thereafter, the same court denied Barreda's ex parte motion seeking to schedule a new emergency motion to set aside the final order, and seeking to temporarily enjoin foreclosure activities by Newrez that were permitted under the final order granting relief from the stay. (Doc. 33.)

Orders granting relief from the automatic stay are final appealable orders. *In re Aguiar,* 311 B.R. 129, 131 (B.A.P. 1st Cir. 2004). To the extent Barreda appeals

---

[1] "Doc" references are to the numbered documents filed in the underlying bankruptcy proceedings in *In re Debtor George Barreda,* Case No. 8:25-bk-11411, unless otherwise noted. Use of this convention is necessary because no appellate record has been properly designated by the appellant, and no excerpts of record were prepared and filed by the appellant with the opening brief.

1

from the final order granting Newrez relief from the automatic stay, this district court would have jurisdiction under 28 U.C.C. § 158(a)(1), if the appellant's notice of appeal had been timely filed. But as discussed below, in this case the notice of appeal was untimely. The defect is fatal to this court's jurisdiction to consider any appeal from the order granting relief from the automatic stay.

## II.   STATEMENT CONCERNING ORAL ARGUMENT

Appellees defer to the Court as to whether oral argument is needed and appropriate in this matter, or whether the facts and legal arguments are adequately presented by the parties' briefs.

## III.   STATEMENT OF THE CASE

On May 27, 2025, Barreda filed this voluntary petition for relief under Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the Central District of California (Santa Ana Division). (Doc. 1.) Preceding this case, Barreda filed *four* prior Chapter 13 cases and each was dismissed. (Doc. 28, p. 2.) The prior cases, and the latest Chapter 7 case, involve the same mortgage creditor, The Bank of New York Mellon f.k.a. The Bank of New York, as Trustee for the Certificateholders of the CWABS Inc., Asset-Backed Certificates, Series 2006-24 ("Bank") as serviced by Newrez LLC d.b.a. Shellpoint Mortgage Servicing. (*Id.*)

### A.   Newrez moved for relief from the automatic stay.

On August 29, 2025, Newrez, as servicer for the Bank, filed a motion for relief from the automatic stay under 11 U.S.C. § 362. (Doc. 16.) The stay relief motion sought leave to foreclose on the real property securing a loan to Barreda and his spouse. (*Id.*) At the time the motion was filed, the Barredas had failed to pay as many as 53 monthly payments that had come due, amounting to an arrears of more than $164,599. (Doc. 16, p. 8.) The stay relief motion was properly noticed for a hearing on October 1, 2025. (Doc. 28, p. 3.)

On September 30, 2025, one day prior to the noticed hearing, the bankruptcy court issued a tentative ruling granting relief under 11 U.S.C. §§ 362(d)(1) and (d)(4)

with in rem relief pursuant to 11 U.S.C. § 362(d)(4) and waiver of Federal Rule of Bankruptcy Procedure ("FRBP") Rule 4001(a)(3). (Doc. 28, p. 3.) The tentative ruling noted that the matter appeared to be uncontested, and that no court appearance by the moving party was required. (*Id.*) The tentative further noted, "should an opposing party file a late opposition or appear at the hearing the Court will determine whether further hearing is required and Movant will be so notified." (*Id.*)

Three hours after the tentative ruling was posted, and less than twenty-four hours prior to the noticed hearing, Barreda's counsel filed a three-page document titled "Opposition to Motion for Relief from Stay and Motion for Leave to File Out of Time." (Doc. 21.) The opposition contained no declaration. (Docs. 21 and 28, p. 3.) The opposition was considered by the bankruptcy court. (Doc. 28, p. 3.) However, the bankruptcy court found that the opposition contained no basis for denial of the stay relief motion, no basis for modification of the tentative ruling, and no reasoning that required oral argument. (*Id.*)

The stay relief motion then came on for hearing as a default matter on the October 1, 2025 calendar, in accord with the bankruptcy court's regular practice and its previously issued tentative ruling. (Doc. 28, p. 3.) When the clerk of the court called the matter at 10:03 a.m. counsel for the Bank and Newrez appeared, but no appearance was made by or on behalf of Barreda. (Doc. 28, pp. 3-4.) Although excused, counsel for the moving parties explained that they appeared expecting counsel for Barreda to also be present. (Doc. 28, p. 4, fn. 5.) When no appearance was made by Barreda or his attorney the tentative ruling was confirmed, the court proceeded with the remainder of its 10:00 a.m. calendar and then went off the record at 10:50 a.m. (*Id.*) Only then, long after the matter had been called for hearing and decided, did Barreda's attorney make a remote appearance. (*Id.*) In response to the tardy appearance, the bankruptcy court advised Barreda's counsel that the stay relief motion had been called and determined earlier and the bankruptcy court would not engage in any substantive discussion. (*Id.*)

KLINEDINST PC
501 WEST BROADWAY, SUITE 1100
SAN DIEGO, CALIFORNIA 92101

3

**B.** **After failing to properly oppose the stay relief motion, Barreda filed a defective emergency motion to vacate the yet-to-be-entered order granting relief from the automatic stay.**

On October 10, 2025, Newrez lodged a proposed final order in the bankruptcy case granting relief consistent with the court's confirmed tentative ruling. (Doc. 25.) Before the proposed order could be entered, Barreda filed the first of two motions seeking reconsideration of the bankruptcy court's order granting the stay relief motion. (Doc. 26.) Barreda's first motion was styled as an "Emergency Motion to Vacate Order Granting Relief from Stay and to Reinstitute Automatic Stay Pending Hearing." (*Id*.) In accordance with Local Bankruptcy Rule ("LBR") 9013(j)(3), the bankruptcy court dispensed with oral argument on the emergency motion, and ruled on the motion based on the "documents and pleadings filed in this case and in the associated adversary proceeding, and the record as a whole…." (Doc. 28, pp. 1, 11 ("The Court has authority to dispense with oral argument on any motion and discretion to do so").)

Barreda's emergency motion was denied on several grounds. Procedurally, the motion was found to be defective because Barreda failed to comply with LBR 9075-1(a) and 9013-1 regarding, respectively, emergency motions procedures and notice requirements for motion practice. (Doc. 28, p. 4.) In addition, the motion was found to be premature, because it was filed in response to the lodged proposed order, rather than an entered final order. (*Id*.) In addition to these procedural defects, the motion failed on substantive grounds.

Construing Barreda's emergency motion as a motion for relief under FRCP Rule 60(b), the bankruptcy court denied relief. In summary, it found that Newrez and the Bank had established with admissible evidence the necessary "for cause" showing for relief under 11 U.S.C. § 362, while Barreda failed to show that stay relief was not warranted. (Doc. 28, pp. 7-10.) In addition, the bankruptcy court found no proper basis for reconsideration under FRCP, Rules 60(b)(2) (for newly

KLINEDINST PC
501 WEST BROADWAY, SUITE 1100
SAN DIEGO, CALIFORNIA 92101

4

discovered evidence), 60(b)(4) (a void judgment), or 60(b)(6) (other circumstances justifying relief). (Doc. 28, pp. 10-13.)

Following the bankruptcy court's entry of a detailed 13-page order denying Barreda's emergency motion, the court entered the final order granting the stay relief motion. (Doc. 29.) Both orders were entered on October 28, 2025. (Doc. 28, p. 1; Doc. 29, p. 1.)

**C.**   **Following entry of the order granting the stay relief motion, Barreda filed a defective ex parte motion seeking temporary injunctive relief, and the scheduling of another emergency motion.**

Following entry of the final order granting the stay relief motion, Barreda filed his second motion attempting to set it aside. This post-order motion was styled an "Ex Parte Motion for Order Shortening Time and Temporary Restraining Order Pending Ruling on Emergency Motion to Vacate Stay-Relief Order." (Doc. 32.) The ex parte motion sought injunctive relief under FRCP Rule 65(b) and 11 U.S.C. § 105(a). (Doc. 33, p. 2.) Again, in accordance with LBR 9013(j)(3), the bankruptcy court dispensed with oral argument on the emergency motion, and ruled on the motion based upon the "documents and pleadings filed in this case and in the associated adversary proceeding, and the record as a whole…." (Doc. 33, pp. 1-2.)

In yet another detailed ruling, the bankruptcy court denied Barreda's ex parte motion on both procedural and substantive grounds. (Doc. 33, pp. 1-9.) Like his prior emergency motion, Barreda's ex parte motion failed to comply with LBR 9075-1(a) or 9013-1 regarding emergency motion procedures and requirements for motion practice. (Doc. 22, p. 3.) Even more significant, the bankruptcy court noted that LBR 7065-1 required the filing of an adversary proceeding with a request for relief under Rule 65. Here, Barreda filed his ex parte motion in the main bankruptcy case, but he was required by local rule to file in the adversary proceeding. (Doc. 33, pp. 3-4.) Further, FRBP Rules 7001(7) and 7065 require that requests for a preliminary injunction must be brought by way of an adversary proceeding, and the request must be served in a

KLINEDINST PC
501 WEST BROADWAY, SUITE 1100
SAN DIEGO, CALIFORNIA 92101

5

APPELLEE'S ANSWERING BRIEF

manner consistent with FRBP Rule 7004. Barreda failed to comply with any of these procedures, which constituted grounds for denial of the motion separate and apart from any consideration of the substantive merits. (Doc. 33, p. 4.)

On substantive grounds, the bankruptcy court found that the arguments raised were made previously, either in opposition to the original stay relief motion, or in support of the previous emergency motion. (Doc. 33, pp. 3-6.) In addition, the bankruptcy court determined that, even if it could reach the merits of the ex parte motion, Barreda had not shown the possibility of success on the merits. All of the arguments made in the ex parte motion duplicated those previously made and rejected by the bankruptcy court on various grounds. (Doc. 33, p. 7.) The court noted that, "At this juncture, Debtor's contentions border on being wholly without merit. The Ex Parte Motion marks the Debtor's third successive attempt to prevent foreclosure of the Property with the same argument…." (*Id.*)

Barreda's ex parte motion was denied on November 5, 2025. (Doc. 33, p. 9.) This appeal followed with a notice of appeal first filed on December 2, 2025, well beyond the 14-day period mandated by FRBP Rule 8002(a)(1).

## IV. SUMMARY OF ARGUMENT AND STANDARD OF REVIEW

### A. This appeal suffers from jurisdictional and procedural defects arising from Barreda's failure to perfect the appellate record and his untimely notice of appeal.

There are significant procedural and jurisdictional issues with this appeal. As a threshold matter, the appellant seeks an order reversing the bankruptcy court's order granting Newrez's motion for relief from the automatic stay. But the notice of appeal was filed well beyond the 14-day time period mandated by FRBP 8002(a)(1). The failure to file a timely notice of appeal is jurisdictional. *Hamer v. Neighborhood Hous. Servs. of Chicago,* 138 S. Ct. 13, 15 (2017). ("An appeal filing deadline prescribed by statute is considered 'jurisdictional,' meaning that late filing of the appeal notice necessitates dismissal of the appeal.")

In addition, the appeal is procedurally defective because the appellant made no effort to perfect the record on appeal. Barreda failed to file and serve a designation of the record at any time, he failed to designate the reporter's transcript for the October 1, 2025 hearing. He made no effort to comply with the requirements of FRBP Rule 8006 despite having been notified that failure to do so may result in dismissal. He then filed an opening brief without any excerpts of record, or any attempt to clarify what body of documents and transcripts constituted the relevant record on appeal.

In addition, the opening brief misstates facts and misleads the court into accepting that no evidence was proffered in support of the motion for relief, that a timely opposition to the original motion was filed when in fact no opposition was filed until after the tentative ruling was posted, and less than 24 hours prior to the scheduled hearing. (Doc. 28, p. 3.) Further, the opening brief misleads the reader into believing that Barreda was denied a hearing when, according to the bankruptcy court, the hearing on the stay relief motion was properly noticed and went forward—it was Barreda and his attorney who failed to file a timely opposition, and then failed to appear at the time of the hearing. (Doc. 28, pp. 3-4.) Where no record is presented, and the opening brief plays fast and loose with the facts, dismissal is warranted. See *In re Fitzsimmons,* 920 F.2d 1468, 1471 (9th Cir. 1990).

**B.    Barreda fails to show the bankruptcy court abused its discretion in granting the stay relief motion, and in denying Barreda's emergency and ex parte motions.**

Even if this court were to reach the merits of the appeal, no compelling argument for reversal has been presented.

**1.    Review is for an abuse of discretion.**

This Court reviews a bankruptcy court's order on a motion for relief from stay for an abuse of discretion. *Benedor Corp. v. Conejo Enters., Inc.*, 96 F.3d 346, 351 (9th Cir. 1996). Similarly, a court reviews the denial of a reconsideration motion

KLINEDINST PC
501 WEST BROADWAY, SUITE 1100
SAN DIEGO, CALIFORNIA 92101

under Civil Rules 59 and 60 for an abuse of discretion. *Ybarra v. McDaniel,* 656 F.3d 984, 998 (9th Cir. 2011); *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1258 (9th Cir. 2010). Here, the opening brief fails to show any abuse of discretion by the bankruptcy court in this case.

### 2.   The bankruptcy court acted well within its discretion.

The underlying motion was well supported by a detailed declaration and exhibits. Further, the stay relief motion was not timely opposed, and no evidence was presented to show that good cause for relief was lacking. Barreda's standing argument, his argument regarding the lack of a fair hearing, and his argument that no substantial evidence supported the appellees' motion all fail. Substantial evidence was presented in support of the stay relief motion, establishing the appellees' colorable claim, and standing to bring the motion for relief. *Biggs v. Stovin* (*In re Luz Int'l, Ltd.*)*,* 219 B.R. 837, 842 (9th Cir. BAP 1998); see also *Veal v. Am. Home Mortg. Servicing, Inc. (In re Veal)*, 450 B.R. 897, 906 (9th Cir. BAP 2011).

Barreda's claim that he was denied his due process right to a hearing lacks merit. It was uncontested that the stay relief motion was properly noticed. It was Barreda that failed to file a timely opposition, and was then tardy to the hearing. Further, as the bankruptcy court correctly noted, it has the authority to dispense with oral argument on any motion, and the discretion to do so. LBR 9013-1(j)(3). The rule is consistent with FRCP 78(b), which permits a district court to submit and determine motions on the briefs, without oral argument. Due process simply did not require holding oral argument on briefed law and motion matters. Rather, it has long been the practice that hearings on such motions are to be in the discretion of the courts. E.g. *U. S. Fid. & Guar. Co. v. Lawrenson,* 334 F.2d 464, 467 (4th Cir. 1964). Due process was met here.

Barreda's argument that the trustee's report of November 6, 2025, established that there was no proper basis for granting stay relief under section 362(d)(2) misses the mark. (App. Op. Br., p. 15.) Here, the bankruptcy court granted relief based on

good cause, and bad faith, under section 362(d)(1) and (d)(4), *not* section (d)(2). Further, the stay relief motion presented prima facie cause for relief. The showing required Barreda, as the debtor, to establish that stay relief was not warranted. See 11 U.S.C. § 362(g)(2); *In re Mense,* 509 B.R. 269, 278 (Bankr. C.D. Cal. 2014). Barreda simply failed to show why stay relief was unwarranted. To the contrary, the evidence showed, and the bankruptcy court found, that Barreda had used multiple bankruptcy filings as part of a scheme to hinder, delay, or defraud creditors and to avoid foreclosure. (Doc. 29, p. 2.)

Barreda's argument that the bankruptcy court failed to make the necessary factual findings and legal conclusions also fails. All three orders were detailed and well-reasoned; they included the necessary factual findings and legal analysis that is mandated by the rule. Barreda's claims to the contrary are supported by neither the facts nor the applicable law. *In re Scrap Disposal, Inc.*, 15 B.R. 296, 297 (B.A.P. 9th Cir. 1981).

Finally, Barreda's argument that his exemptions rendered the Bank's claim unenforceable is another improper attempt to argue enforceability of the underlying debt, in opposition to a stay relief motion. Motions for relief from stay may *not* be used to determine the scope and enforceability of a creditor's interest in property of the estate; such issues typically require the commencement of an adversary proceeding." *Id*., citing Rule 7001(2); *GMAC Mortg. Corp. v. Salisbury (In re Loloee)*, 241 B.R. 655, 660 (9th Cir. BAP 1999); and *Expeditors Int'l of Wash., Inc. v. Citicorp N. Am., Inc. (In re Colortran, Inc.)*, 218 B.R. 507, 510–11 (9th Cir. BAP 1997). Barreda cannot use this appeal to bootstrap an enforceability argument that he failed to properly pursue in a separate adversary proceeding.

The orders attacked by Barreda on appeal should each be affirmed, and appellees should be awarded costs as the prevailing parties on this appeal.

/ / /

/ / /

KLINEDINST PC
501 WEST BROADWAY, SUITE 1100
SAN DIEGO, CALIFORNIA 92101

## V.    ARGUMENT

### A.    Barreda failed to file a timely notice of appeal; this Court lacks jurisdiction to review the final orders he challenges on appeal.

FRBP 8002(a)(1) provides that a notice of appeal must be filed with the bankruptcy clerk within 14 days after the judgment, order, or decree to be appealed is entered. The deadline is extended if a party files a motion to amend under Rule 7052, a motion to amend under Rule 9023, a new trial motion under Rule 9023, or a motion for relief under Rule 9024. FRBP Rule 8002(b)(1). In such cases the 14-day deadline runs from the date of entry of the order disposing of the last such remaining motion. (*Id.*)

Here, the order granting appellees' motion for relief from the automatic stay was entered on October 28, 2025. (Doc. 29.) Barreda's first notice of appeal was filed 35 days later, on December 2, 2025.[2] (Doc. 40.) An amended notice of appeal was filed on December 3, 2025. (Doc. 42.) Even if the Court were to construe Barreda's emergency motion, (Doc. 26), and later ex parte motion, (Doc. 32), as motions falling within the time-extension provisions of Rule 8002(b)(1), his notice of appeal is still untimely. The last order denying Barreda relief from the order granting the stay relief motion was entered on November 5, 2025. (See Doc. 33.) Thus, a timely notice of appeal would need to have been filed on or before November 19, 2025 at the very latest. But, again, the first notice of appeal was filed by Barreda well beyond the 14-day deadline, on December 2, 2025 (Doc. 40.)

The 14-day time deadline of Rule 8002(a) is a jurisdictional requirement. *In re Wilkins*, 587 B.R. 97, 103 (B.A.P. 9th Cir. 2018). District courts have jurisdiction to hear appeals from bankruptcy court orders only if the appeal is taken "in the time

---

[2] Barreda's notice of appeal states that he appeals from the "Order of Discharge Chapter 7" entered on November 17, 2025. (Doc. 38.) But the opening brief seeks "reversal" of the bankruptcy court's Orders at Doc. Nos. 28, 29, and 33. (App. Doc. 7, App. Op. Br., pp. 20-21.)

10

KLINEDINST PC
501 WEST BROADWAY, SUITE 1100
SAN DIEGO, CALIFORNIA 92101

provided by Rule 8002 of the Bankruptcy Rules." 28 U.S.C. § 158(c)(2). Because "the untimely filing of the notice of appeal is jurisdictional," *In re Souza,* 795 F.2d 855, 857 (9th Cir. 1986), a court cannot consider a bankruptcy appeal that is filed after the deadline imposed by Rule 8002. *Hamer, supra*, 138 S. Ct. at 15 ("An appeal filing deadline prescribed by statute is considered 'jurisdictional,' meaning that late filing of the appeal notice necessitates dismissal of the appeal.").

Barreda's appeal from the order granting relief from the automatic stay should be dismissed as untimely.

### B. This appeal should be dismissed because Barreda failed to designate and perfect any record on appeal.

Appellant has failed to perfect the record on appeal. In the notice regarding this appeal from the bankruptcy court, appellant was instructed that he must file a designation of record, a statement of issues on appeal, and a notice regarding ordering transcripts within 14 days of filing his notice of appeal. (See Doc. 44, p. 1 ("Appellant **must** file the following with the Clerk of the Bankruptcy Court" [emphasis in original].)) In short, it is the appellant's duty to perfect a proper record for the appeal.

The Local Bankruptcy Rules confirm that all bankruptcy appeals are subject to FRBP Rules 8001 through 8028. (See LBR 8000-1(a).) FRBP Rule 8009 provides that an appellant *must* (A) file with the bankruptcy clerk a designation of the items to be included in the record on appeal and a statement of the issues to be presented; and (B) file and serve the designation statement on the appellee within 14 days after… the notice of appeal as of right has become effective. (FRPB Rules 8009(a)(1)(A) and (B).) Further, it is the appellant's duty to order, in writing from the court reporter, and file with the bankruptcy clerk, the transcripts necessary for the appeal. (FRBP Rule 8009(b)(1)(A).) From the docket, it appears that these mandatory steps have never been taken by Barreda. There is no indication that a record has ever been properly designated in this appeal. Instead, Barreda submitted

an opening brief, without a proper accompanying Excerpts of Record. The opening brief makes no effort to cite to a proper record on appeal. Moreover, no transcript of the October 1, 2025 hearing has ever been designated, ordered, or proffered for consideration in this appeal, although what occurred at that hearing appears to be critical to Barreda's due process argument that he was denied a fair hearing.

The case of *In re Fitzsimmons, supra*, 920 F.2d at 1475, is instructive. There an appellant acted in bad faith when it delayed service of the record designation for well over a month, and waited two months before formally requesting transcripts from the clerk, in what was described as a "slipshod" request. (*Id*. at 1471.) The appellant then delayed payment for the transcripts for over eight months. (*Id*.)

Here, Barreda's bad faith is similar. At no time has he *ever* filed a record designation, nor has he requested transcripts for the appeal. This is notable, as one of Barreda's contentions is that he was denied a fair hearing, when in fact the bankruptcy court described a properly noticed hearing that went forward without an appearance by Barreda or his attorney, until well after the case had been called, the motion had been ruled upon, the court's oral argument calendar had concluded, opposing counsel was no longer present, and the court had gone off the record. (See Doc. 28, p. 4, fn. 5.) A proper designation of the record to include this transcript would clarify what exactly happened at the hearing. Yet no attempt to designate this transcript has occurred. Failure of the appellant to include this transcript in the record on appeal implies that the transcript would only confirm what the bankruptcy court has already stated in its order denying Barreda's emergency motion. (*Id*.)

Given the above, this Court would be acting well within its discretion if it found that dismissal of Barreda's appeal is warranted based not simply upon the untimely filing of the notice of appeal, but upon appellant's bad faith failure to perfect an accurate record on appeal that clearly established the factual and procedural history of what happened in the underlying case.

/ / /

KLINEDINST PC
501 WEST BROADWAY, SUITE 1100
SAN DIEGO, CALIFORNIA 92101

APPELLEE'S ANSWERING BRIEF

C.    **Newrez and the Bank established standing to file the stay relief motion.**

On appeal, Barreda claims that the Bank and Newrez failed to establish standing to bring the stay relief motion. Citing *In re Veal, supra,*450 B.R. at 906-907, and *U.S. Bank N.A. v. Villalobos,* 562 F.3d 964, 967 (9th Cir. 2009), Barreda claims that to establish standing a creditor seeking relief from the automatic stay must establish that it holds a legally enforceable interest in the property at issue; requiring proof of both the existence of the debt and the security interest. (App. Opp. Br., p. 10.) Here, Barreda claims there was no declaration attesting to the authenticity of the documents establishing the Bank's claim, the accuracy of the documents, or the chain of title. The argument lacks merit.

Under § 362(d), a "party in interest" may request relief from the stay. A "party in interest" can include any party that has a pecuniary interest in the matter, that has a practical stake in the resolution of the matter or that is impacted by the automatic stay. *In re Cruz,* 516 B.R. 594, 602 (B.A.P. 9th Cir. 2014), citing *Brown v. Sobczak ("In re Sobczak")*, 369 B.R. 512, 517–18 (9th Cir. BAP 2007). In *In re Cruz,* in support of its stay relief motion the movant provided a declaration from an employee who testified that he attended the sale of real property, and purchased the property. *In re Cruz, supra*, 516 B.R. at 602. Although a trustee's sale deed had not been recorded, the movant offered a document entitled "Trustee's Sale Results," which indicated that the movant had purchased the property. Accordingly, the movant established a colorable claim and, hence, standing to prosecute the stay relief motion. *Id*.

Here, in support of its motion, Newrez provided the following standing statement:

NewRez LLC dba Shellpoint Mortgage Servicing services the underlying mortgage loan and note for the property referenced in this motion for Movant. In the event the bankruptcy stay in this case is modified, this case dismisses, and/or the Debtor obtains a discharge and

KLINEDINST PC
501 WEST BROADWAY, SUITE 1100
SAN DIEGO, CALIFORNIA 92101

13

KLINEDINST PC
501 WEST BROADWAY, SUITE 1100
SAN DIEGO, CALIFORNIA 92101

> a foreclosure action is commenced on the mortgaged property, the foreclosure will be conducted in the name of Movant. Movant, directly or through an agent, has possession of the Note. The Note is endorsed in blank. Movant is the beneficiary or the assignee of the Deed of Trust.

(Doc. 16, p. 4.) In addition, attached to the motion is the "Real Property Declaration" of Newrez employee and Bankruptcy Case Manager, Shirley Damicis. (Doc. 16, p. 7.) She testified she was one of the custodians of the books, records and files pertaining to the loans and extensions of credit given to the Barredas concerning the property at issue. (*Id.*) She stated that the movant had physical possession of the promissory note and deed of trust, to which the moving party was the beneficial assignee. She provided true and correct copies of the note, deed of trust, and assignment as exhibits 1, 2, and 3, respectively. (Doc. 16-1, pp. 2-4, 6-22, 24.) She identified the property in question. (Doc. 16, p. 6.) She provided sufficient evidence to establish the Bank's colorable claim to the debt and the security interest in the Barreda real property. Thus, the evidence was sufficient to establish the Bank's standing, and the standing of Newrez as the loan servicing company, to bring the stay relief motion.

It appears that, on appeal, Barreda is again attempting to question the Bank's right to enforce the note and deed of trust. These same arguments were thoughtfully rejected by the bankruptcy court.

"Motions for relief from stay are 'summary proceedings' suitable only to ascertain whether the application of the automatic stay should be modified. *In re Jin Qing Li,* No. 3:12-BK-33630, 2018 WL 1354548, at *4 (B.A.P. 9th Cir. Mar. 12, 2018), citing *In re Hyatt*, No. 11-20736-TLM, 2011 WL 6140736, at *10 (Bankr. D. Idaho Dec. 9, 2011). As such, bankruptcy courts have the discretion to "consider" the defective nature of the creditor's interests within a motion for relief from stay. *Id.*, citing *Grella v. Salem Five Cent Sav. Bank,* 42 F.3d 26, 32–34 (1st Cir. 1994), cited with approval in *Biggs v. Stovin (In re Luz Int'l, Ltd.), supra*, 219 B.R. at 842. "But,

motions for relief from stay may not be used to determine the scope and enforceability of a creditor's interest in property of the estate; such issues typically require the commencement of an adversary proceeding." *Id.*, citing Rule 7001(2); *In re Loloee*, *supra*, 241 B.R. at 660; and *In re Colortran, Inc.*, *supra*, 218 B.R. at 510–11.

Again, Barreda is seeking to adjudicate the scope and enforceability of the Bank's interest as the assignee of the note and deed of trust, which is beyond the scope of a stay relief motion. The question on appeal is whether or not the bankruptcy court abused its discretion insofar as it determined that the Bank and Newrez met its burden of establishing a colorable claim.

Relief from stay may be granted so long as the movant establishes a "colorable claim" sufficient to establish his or her entitlement to seek relief from the automatic stay. *In re Luz Int'l, Ltd., supra*, 219 B.R. at 842; see also *In re Veal*, *supra*, 450 B.R. at 906. A claim is colorable for relief from stay purposes when there is a "reasonable likelihood" that the creditor has a legitimate claim or lien against the debtor's property. *Grella, supra*, 42 F.3d at 33. Courts have similarly defined the term "colorable claim" in this context to mean "a plausible legal claim." *Baghdasarian v. SRT Partners, LLC (In re Baghdasarian)*, 2011 WL 4485244, at *6 (Mem. Dec.) (9th Cir. BAP July 8, 2011); *Sardana v. Bank of America (In re Sardana)*, 2011 WL 3299861, at *5 (Mem. Dec.) (9th Cir. BAP June 7, 2011). A colorable claim "is one 'that is legitimate and that may reasonably be asserted, given the facts presented and the current law (or a reasonable and logical extension or modification of the current law).'" *Budd v. Fid. Asset Mgmt., LLC (In re Budd)*, 2011 WL 4485190 at *3 n.4 (Mem. Dec.) (9th Cir. BAP July 12, 2011) (quoting Black's Law Dictionary (9th ed. 2009)).

Here, the stay relief motion, supporting declaration, and authenticated documents established the chain of title necessary to show the Bank was the proper party with standing to bring the motion. As the bankruptcy court determined, the Bank held a colorable claim to the property, and objections based on enforceability

KLINEDINST PC
501 WEST BROADWAY, SUITE 1100
SAN DIEGO, CALIFORNIA 92101

APPELLEE'S ANSWERING BRIEF

were Barreda's improper attempt to litigate that interest outside of an adversary proceeding.[3] Barreda's lack of standing argument fails on appeal.

### D.      Barreda was given notice and an opportunity to be heard.

Citing the Fifth Amendment, Barreda claims on appeal that the bankruptcy court denied him a fair hearing in this case. That is simply not the case. As an initial matter, Barreda does not dispute that the stay relief motion was properly served and noticed for a hearing on October 1, 2025. Barreda had every opportunity to file a timely opposition with supporting declarations and evidence well in advance of the hearing date. He chose not to do so. Instead, the bankruptcy court noted that it was only after the court issued its tentative ruling to grant the stay relief motion, the day before the hearing, that Barreda filed any opposition whatsoever. (Doc. 28, p. 3.) That opposition failed to include any evidence. (*Id.*)

Then, at the time and date previously noticed for the hearing on the stay relief motion, no appearance was made by, or on behalf of Barreda. (Doc. 28, pp. 3-4, and see fn. 4.) Rather, it was only *after* the hearing on the matter had concluded, and the court had concluded its 10:00 a.m. calendar, that Barreda and his attorney made themselves known. (*Id.*) At that point, the bankruptcy court had already gone off the record and any communications with counsel, without opposing counsel present, would have been improper, as the court indicated. (*Id.*) Given these facts, there is no support for Barreda's contention that he was denied an opportunity for a proper

---

[3] Notably, the bankruptcy court also found that Barreda's claims regarding the assignment from MERS lacked substantial merit. Under California law and the controlling deed of trust, MERS was designated as the nominee and beneficiary for the original lender and its successors and assigns. As such, MERS had authority to assign the beneficial interest in the deed of trust and to substitute trustees on behalf of the noteholder. (Doc. 28, p. 10, fn. 14, citing *Cervantes v. Countrywide Home Loans, Inc.,* 656 F.3d 1034, 1044-1045 (9th Cir. 2011); and *Gomes v. Countrywide Home Loans, Inc.,* 192 Cal.App.4th 1149, 1156 (2011) (California law permits MERS to initiate or assign interests consistent with its nominee status).)

KLINEDINST PC
501 WEST BROADWAY, SUITE 1100
SAN DIEGO, CALIFORNIA 92101

hearing. Rather, it appears that Barreda simply failed to timely oppose the stay relief motion, failed to present any opposing evidence, and then failed to make an appearance at the time and place noticed for the hearing. Barreda alone is to blame for this set of facts. They do not warrant reversal and a new hearing.

Similarly, there is nothing to indicate that the court failed to consider due process concerns when it ruled upon Barreda's follow-on emergency and ex parte motions, based on the briefs alone. As the bankruptcy court correctly noted, it has the authority to dispense with oral argument on any motion, and the discretion to do so. LBR 9013-1(j)(3). The rule is consistent with FRCP 78(b), which permits a district court to submit and determine motions on the briefs, without oral argument. Due process simply does not require holding oral argument on law and motion matters. Rather, it has long been the practice that hearings on motions are to be in the discretion of the courts. E.g. *U. S. Fid. & Guar. Co.*, *supra*, 334 F.2d at 467. Barrada's due process argument on this basis lacks merit and is properly rejected on appeal.

**E.** **There were at least two proper bases for granting relief from the automatic stay; the trustee's report did not warrant denial of the motion.**

On appeal, Barreda argues that the trustee's report of November 6, 2025, established that there was no estate interest. Barreda claims that, as a result of this conclusion, there was no proper basis for granting stay relief under section 362(d)(2). (App. Op. Br., p. 15.) The argument ignores the bankruptcy court's bases for granting stay relief. The court explained:

> Mortgage Creditor [the Bank] submitted evidence that, over six years, Debtor [Barreda] filed five (5) serial bankruptcy cases affecting the Property. The Stay Relief Motion presents evidence documenting (i) the filing and dismissal of Debtor's four (4) prior chapter 13 cases, (ii) Debtor's bad faith in filing this chapter 7 case, including Debtor's history of non-payment on the mortgage loan for fifty-three (53) consecutive months and accrued arrearage totaling approximately

KLINEDINST PC
501 WEST BROADWAY, SUITE 1100
SAN DIEGO, CALIFORNIA 92101

$165,000.00. [fn. Omitted.] Based on the foregoing, the Court granted the Stay Relief Motion for cause and bad faith under §§ 362(d)(1) and (d)(4), finding grounds for *in rem* relief and waiver of FRBP 4001(a)(3).

 (Doc. 28, pp. 7-8.) Notably, the stay relief motion made an uncontested showing that the Barredas failed to tender *every* monthly mortgage payment coming due since April of 2021. (Doc. 16-1, Ex. 5.) To the contrary, Barreda's equitable arguments, including good faith, balance of harm, fairness, and judicial economy, were conclusory and unsupported by evidence. (See Doc. 28, p. 8, fn. 12 and 13.)

Thus, there were at least two proper bases supporting the bankruptcy court's order granting the stay relief motion. To the extent that Barreda now claims that the trustee's report negates any basis for relief under section 362(d)(2), his argument misses the point. The bankruptcy court granted relief based on cause and bad faith under section 362(d)(1) and (d)(4). Further, the stay relief motion presented prima facie cause for relief. The showing required Barreda, as the debtor, to establish that stay relief was not warranted. See 11 U.S.C. § 362(g)(2); *In re Mense, supra*, 509 B.R. at 278. Barreda simply failed to do so. He presented a conclusory and unsupported set of arguments in an untimely opposition, then failed to appear on time for the hearing. Nor has Barreda ever disputed that he filed serial bankruptcy cases in bad faith to hold off his creditors and to dodge a foreclosure sale for as long as possible. (Doc. 28, p. 8.) Barreda raises no serious argument for reversal here.

**F.**     **<u>Admissible evidence established a credible debt secured by Barreda's real property.</u>**

On appeal, Barreda argues that the stay relief motion was not supported by admissible evidence. The argument mirrors his standing argument, addressed above. It fails for the same reason. Motions for relief from stay are "summary proceedings" suitable only to ascertain whether the application of the automatic stay should be modified. *In re Jin Qing Li, supra,* No. 3:12-BK-33630, 2018 WL 1354548 at *4. "Relief from stay may be granted so long as the movant establishes a "colorable

KLINEDINST PC
501 WEST BROADWAY, SUITE 1100
SAN DIEGO, CALIFORNIA 92101

KLINEDINST PC
501 WEST BROADWAY, SUITE 1100
SAN DIEGO, CALIFORNIA 92101

claim" sufficient to establish his or her entitlement to seek relief from the automatic stay." *In re Luz Int'l, Ltd.*, *supra*, 219 B.R. at 842; see also *In re Veal*, *supra*, 450 B.R. at 906. A claim is colorable for relief from stay purposes when there is a "reasonable likelihood" that the creditor has a legitimate claim or lien against the debtor's property. *Grella, supra*, 42 F.3d at 33.

As noted above, the stay relief motion presented a prima facie cause for relief. (Doc. 28, p. 8.) The Bank and Newrez presented declaration testimony and authenticated exhibits establishing the assignment of the loan and beneficial interest under the deed of trust to the Bank. (Doc. 16, pp. 7-12; Doc. 16-1, Exhibits 1-6.) Undisputed evidence was also presented, establishing the filing and dismissing of Barreda's four prior Chapter 13 bankruptcy filings, as well as the bad faith filing of the underlying Chapter 7 proceeding. (*Id*.) Undisputed evidence was also presented, establishing the Barredas' arrears of approximately $165,000. (*Id*.) Based on all of the above, the bankruptcy court acted well within its discretion when it granted the stay relief motion.

### G.    The orders regarding the stay relief motion were proper and complied with any requirements under FRCP Rule 52(a).

On appeal, Barreda cites to FRCP Rule 52(a), and contends that the bankruptcy court failed to meet its obligation to make findings of fact and conclusions of law when ruling on the stay relief motion, the emergency motion, and the ex parte motion. FRBP Rule 752 is an adaptation of Rule 52(a). Both rules provide in part, "In all matters tried upon the facts without a jury …., the court shall find the facts specifically and separately state its conclusions of law thereon…" (*Id*.) The statement in Rule 752 and FRCP Rule 52(a) that findings of fact and conclusions of law are unnecessary on decisions of motions is limited to those motions decided on questions of law. *In re Scrap Disposal, Inc.*, *supra*, 15 B.R. at 297. If a motion requires the court to determine factual issues, then findings are necessary. *Id*. Here, the underlying stay relief motion was essentially unopposed; no

evidence was offered in opposition. Thus, it is not entirely clear that findings and conclusions were even required in this instance. However, whether or not they were required, they were clearly provided by the bankruptcy court in each of its well-reasoned orders.

### 1.    Doc. 28: The order denying Barreda's emergency motion contained findings, analysis, and conclusions.

In support of his argument, Barreda simply points to language on the first page of the order denying his emergency motion, stating that the matter would be decided without oral argument. (Doc. 28, p. 1.) He ignores the 13 pages of findings, analysis, and conclusions that follow, and then concludes that the order fails to comply with Rule 52(a).

The order includes a prefatory statement that details the history of the case. (Doc. 28, at p. 2.) The statement is followed by a full discussion of the pending and prior bankruptcy case background. (*Id*. at pp. 2-3.) The court then details the factual and procedural history of the stay relief motion, the noticed hearing, the tentative ruling, Barreda's late opposition, his failure to appear on time on the day of the hearing, the confirmation of the tentative ruling, and the lodging of a proposed order granting the stay relief motion. (*Id*. at 2-4.) The court also discusses the adversary proceeding filed by Barreda, and analyzes the procedural defects with the emergency motion. (*Id*. at pp. 4-5.) The court analyzes the law applicable to reconsideration of a prior order. (*Id*. at pp. 5-6.) It then provides a detailed reconsideration analysis under Rule 60(b), finding that the stay relief motion was properly granted for cause and bad faith under 11 U.S.C. § 362(d)(1) and (d)(4). (*Id*. at pp. 6-8.) It then examines standing, and finds that the stay motion, supporting declaration and authenticated documents established standing. (*Id.* at pp. 9-10.) Finally, the court considers each of the arguments presented by Barreda in his emergency motion, and finds them to be unpersuasive. (*Id*. at pp. 10-13.) In short, the court rejects Barreda's due process argument, rejects his "new evidence"

KLINEDINST PC
501 WEST BROADWAY, SUITE 1100
SAN DIEGO, CALIFORNIA 92101

argument, and rejects his "extraordinary circumstances" argument, finding that none of the arguments are compelling enough to warrant reconsideration of the stay relief motion under Rule 60(b). (*Id.*)

The order denying Barreda's emergency relief motion complies with the requirements of Rule 52(a).

### 2. Doc. 29: The order granting the stay relief motion contained sufficient findings, analysis, and conclusions.

Similarly, the order granting the stay relief motion complies with the findings and analysis requirements of Rule 52(a). That order finds that the motion is granted under sections 362(d)(1) and (d)(4), because "The filing of the bankruptcy petition was part of a scheme to hinder, delay, or defraud creditors that involved: … Multiple bankruptcy cases affecting the Property." (Doc. 29, pp. 1-2.) Further, the court order sets forth the statutory basis for the order, (11 U.S.C. §§ 362(d)(1) and (d)(4). It states that as to the Bank and Newrez, the stay of section 362(a) is terminated as to both Barreda and the bankruptcy estate. (Doc. 29, p. 2.) The order also finds that 14-day stay provided by FRBP Rule 4001(a)(3) is waived. (*Id.*) This was sufficient.

To the extent Barreda argues that he was entitled to an order that addressed his substantive defenses to enforcement, he is incorrect. As already discussed, a stay relief motion is not a proper forum for attacking the creditor's right to enforce the claimed debt. Rather, such arguments are properly addressed in an adversary proceeding. The order is not defective for failing to address legal issues that are not necessary to the resolution of the stay relief motion.

### 3. Doc. 33: The order denying Barreda's ex parte motion contained findings, analysis, and conclusions.

Finally, the order denying Barreda's ex parte motion complied with the requirements of Rule 52(a). Again, the only argument made by Barreda on appeal was a gesture at the language stating that the court would decide the motion without

KLINEDINST PC
501 WEST BROADWAY, SUITE 1100
SAN DIEGO, CALIFORNIA 92101

APPELLEE'S ANSWERING BRIEF

KLINEDINST PC
501 WEST BROADWAY, SUITE 1100
SAN DIEGO, CALIFORNIA 92101

oral argument, based on the documents and proceedings in the case. But, as with the order denying his emergency motion, the bankruptcy court provided a well-reasoned order, nine pages long, that included the necessary findings and conclusions.

The court found that the ex parte motion sought relief that directly overlapped with the prior emergency motion; relief that was denied in the prior order. (Doc. 33, p. 2, citing Doc. 28.) The court also found that the ex parte motion presented substantially similar arguments but sought nearly identical relief in a different form, i.e. a temporary restraining order. (Doc. 33, p. 3.) The court then laid out its reasons for denying the ex parte motion. (Doc. 33, pp. 3-9.) It noted the procedural deficiencies which, alone, warranted denial of the motion. (*Id.* at pp. 3-4.) Notably, the court found that the relief sought—injunctive relief—required that the relief be sought in an adversary proceeding, but the ex parte motion was improperly filed in the main bankruptcy proceeding. (*Id.*) The court then detailed how the arguments raised were previously made and rejected. (*Id.* at pp. 5-7.) Finally, the court found that even if it were to address the merits, Barreda would still not prevail because he failed to show a possibility of success on the merits. (*Id.* at p. 7.)

The contention that the bankruptcy court's order failed to meet the minimal requirements of Rule 52(b) lacks merit. As the bankruptcy court aptly noted, "Debtor has not established any basis for relief, reconsideration, or the issuance of a TRO or other provisional remedy enjoining foreclosure of the Property. Accordingly, the Court finds good cause to DENY the Ex Parte Motion." (Doc. 33, pp. 8-9.) This well-reasoned order falls within the requirements of Rule 52(a).

### H.    The debtor's exemptions were not a proper ground for denial of relief from the automatic stay provisions.

As a final argument, Barreda contends that the property is free and clear, because the Bank allegedly did not object to the exemptions he claimed, within the

KLINEDINST PC
501 WEST BROADWAY, SUITE 1100
SAN DIEGO, CALIFORNIA 92101

30-day objection period.[4] Thus, Barreda seems to think that reversal is warranted. Again, this argument misconstrues the nature of the proceedings that are under review. This is an appeal from an order granting a stay relief motion, and two additional orders that sought reconsideration of the stay relief order. This Court reviews a bankruptcy court's order on a motion for relief from stay for an abuse of discretion. *Benedor Corp.*, *supra*, 96 F.3d at 351. Similarly, a court reviews the denial of a reconsideration motion under Civil Rules 59 and 60 for an abuse of discretion. *Ybarra, supra*, 656 F.3d at 998; *Ahanchian*, *supra*, 624 F.3d at 1258. So, the sole question on review is whether or not the trial court, in ruling on these motions, abused its discretion.

As laid out above, stay relief motions are summary proceedings in which a movant need only establish a colorable claim as a creditor. "But, motions for relief from stay may not be used to determine the scope and enforceability of a creditor's interest in property of the estate; such issues typically require the commencement of an adversary proceeding." *Id*., citing Rule 7001(2); *In re Loloee*, *supra*, 241 B.R. at 660; and *In re Colortran, Inc.*, *supra*, 218 B.R. at 510–11.

As detailed above, the Bank and Newrez established for cause, and for bad faith by the debtor, that the Bank was entitled to enforce its foreclosure remedies outside of the effects of the automatic stay. Barreda's late attempt to attack the enforceability of the debt were not properly raised in his opposition to the stay relief order, and they are not properly raised again on appeal. If Barreda honestly contended that bankruptcy law protected him from foreclosure in this instance, he was obligated to litigate that issue in a separate adversary proceeding. He cannot use an appeal from a stay relief order to adjudicate enforceability. Rule 7001(2); *In re*

---

[4] Barreda cites to no documents to support these conclusions. Again, there is no record on appeal, and no excerpts of record were file by appellant with his opening brief.

*Loloee*, *supra*, 241 B.R. at 660; and *In re Colortran, Inc.*, *supra*, 218 B.R. at 510–11.

## VI.    CONCLUSION

For the reasons set forth above, this appeal should be dismissed as untimely, and because appellant, George Barreda, acted in bad faith when he failed to properly perfect the record on appeal. In addition, this appeal fails because the appellant simply fails to show that the bankruptcy court committed reversible error. This appeal is nothing more than a debtor's ongoing attempt to avoid repayment of a long unpaid debt.

Appellees ask this Court to affirm the bankruptcy court's order granting the stay relief motion (Doc. 29), affirm the court's order denying appellant's emergency motion (Doc. 28), and affirm the court's order denying appellant's ex parte motion (Doc 33). Appellees further ask this Court to award them costs as prevailing parties on this appeal.

KLINEDINST PC

DATED:  April 2, 2026           By:  ___ */s/Robert M. Shaughnessy* ___
Robert M. Shaughnessy
Attorneys for Appellees BANK OF NEW YORK MELLON TRUST; NEWREZ LLC dba SHELLPOINT MORTGAGE SERVICING; and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS INC. (MERS)

APPELLEE'S ANSWERING BRIEF

## CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for appellees Bank of New York Mellon, Trustee ("BNYM"); Newrez LLC, d.b.a. Shellpoint Mortgage Servicing ("Newrez"); and Mortgage Electronic Registration Systems Inc. ("MERS"), hereby certifies that this brief contains 8,211 words, which complies with the word limit of FRBP 8016(a)(7)(B)(i). This word count was obtained by relying upon the word count of Microsoft Word, the word-processing system used to create this document.

KLINEDINST PC

DATED:  April 2, 2026

By:     */s/Robert M. Shaughnessy*
Robert M. Shaughnessy
Attorneys for Appellees BANK OF NEW YORK MELLON TRUST; NEWREZ LLC dba SHELLPOINT MORTGAGE SERVICING; and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS INC. (MERS)

30639518.1

KLINEDINST PC
501 WEST BROADWAY, SUITE 1100
SAN DIEGO, CALIFORNIA 92101

APPELLEE'S ANSWERING BRIEF

KLINEDINST PC
501 WEST BROADWAY, SUITE 1100
SAN DIEGO, CALIFORNIA 92101

## CERTIFICATE OF SERVICE

**Appeal Re: George Barreda v. BONYM (4690-8786)
USDC – Southern District, Case No. 8:25-cv-02841-JLS**

**STATE OF CALIFORNIA, COUNTY OF SAN DIEGO**

At the time of service, I was over 18 years of age and not a party to this action.  I am employed in the County of San Diego, State of California.  My business address is 501 West Broadway, Suite 1100, San Diego, CA 92101.

On April 2, 2026, I served true copies of the following document(s) described as **APPELLEE'S ANSWERING BRIEF** on the interested parties in this action as follows:

| BY CM/ECF ONLY | |
|---|---|
| Peter Winkler, Esq.<br>104-A Main Street<br>Tiburon, CA  94920 | 415-435-2677<br>winklerlaw9@gmail.com<br><br>Attorney for Appellant GEORGE BARREDA |
| Kirsten M Martinez, Esq.<br>Bonial and Associates PC<br>3160 Crow Canyon Pl., Ste. 215<br>San Ramon, CA 94583 | 213-863-6071<br>kirsten.martinez@bonialpc.com<br><br>Attorney for Appellee BANK OF NEW YORK MELLON TRUST |
| Richard A Marshack, Esq.<br>Marshack Hays LLP<br>870 Roosevelt<br>Irvine, CA 92620-5749 | pkraus@marshackhays.com<br><br>Trustee |
| **BY MAIL ONLY** | |
| US Trustee<br>411 West Fourth St., Ste. 9041<br>Santa Ana, CA 92701-4593 | US Trustee |

**BY MAIL:**  I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices.  I am readily familiar with the practice of Klinedinst PC for collecting and processing correspondence for mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.  I am a resident or employed in the county where the mailing occurred.  The envelope was placed in the mail at San Diego, California.

**BY CM/ECF NOTICE OF ELECTRONIC FILING:**  I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system.  Participants in the case who are registered CM/ECF users will be served by the

1

APPELLEE'S ANSWERING BRIEF

CM/ECF system.  Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on April 2, 2026, at San Diego, California.

*/s/Catherine Bond*
Catherine Bond

KLINEDINST PC
501 WEST BROADWAY, SUITE 1100
SAN DIEGO, CALIFORNIA 92101

2
APPELLEE'S ANSWERING BRIEF