Robert M. Shaughnessy, Bar No. 174312
rshaughnessy@klinedinstlaw.com
KLINEDINST PC
501 West Broadway, Suite 1100
San Diego, California 92101
(619) 400-8000/FAX (619) 238-8707

Attorneys for Appellees BANK OF NEW YORK MELLON TRUST; NEWREZ LLC dba SHELLPOINT MORTGAGE SERVICING; and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS INC. (MERS)

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SOUTHERN DIVISION

| | |
|---|---|
| In Re GEORGE BARREDA,<br><br>Debtor, | Case No. 8:25-cv-02841-JLS<br>(Bankruptcy Case No. 8:25-bk-11411-SC)<br><br>**APPELLEES' RESPONSE TO ORDER TO SHOW CAUSE RE DISMISSAL** |
| GEORGE BARREDA,<br><br>Appellant,<br><br>v.<br><br>BANK OF NEW YORK MELLON TRUST, NEWREZ LLC dba SHELLPOINT MORTGAGE SERVICING, THE MORTGAGE LAW FIRM PLC, AUCTION.COM LLC, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS INC. (MERS), DOES 1-50,<br><br>Appellees. | |

KLINEDINST PC
501 WEST BROADWAY, SUITE 1100
SAN DIEGO, CALIFORNIA 92101

APPELLEES' RESPONSE TO ORDER TO SHOW CAUSE RE DISMISSAL

KLINEDINST PC
501 WEST BROADWAY, SUITE 1100
SAN DIEGO, CALIFORNIA 92101

# TABLE OF CONTENTS

| | | Page |
|---|---|---|
| I. | INTRODUCTION | 1 |
| II. | LEGAL DISCUSSION | 1 |
| | A. Barreda conceded he failed to file a timely notice of appeal from both the discharge order and the stay relief order; the Court lacks jurisdiction to review it. | 1 |
| | B. Relief for excusable neglect is not available to Barreda under the facts of the case. | 2 |
| | C. Barreda misplaces his reliance on *Pioneer*. | 4 |
| | D. Dismissal is also warranted based on Barreda's failure to act promptly to procure the record on appeal. | 5 |
| | E. The equities do not warrant saving this tactical appeal, filed solely for the purpose of delaying appellees from exercising their foreclosure rights. | 7 |
| III. | CONCLUSION | 8 |

APPELLEES' RESPONSE TO ORDER TO SHOW CAUSE RE DISMISSAL

# TABLE OF AUTHORITIES

**Page**

**CASES**

*Fantasia v. Diodato*
    154 F.4th 1123 (9th Cir. 2025)................................................................2

*In re Fitzsimmons*
    920 F.2d 1468 (9th Cir. 1990).................................................................6

*In re Mowers*
    160 B.R. 720 (Bankr. N.D.N.Y. 1993)................................................4, 5

*In re Nucorp Energy, Inc.*
    812 F.2d 582 (9th Cir.1987)....................................................................3

*In re Souza*
    795 F.2d 855 (9th Cir. 1986)...............................................................2, 3

*In re Wilkins*
    587 B.R. 97 (B.A.P. 9th Cir. 2018)........................................................2

*Matter of Ramsey*
    612 F.2d 1220 (9th Cir.1980)..................................................................3

*Matter of Thomas*
    67 B.R. 61 (Bankr.M.D.Fla.1986)..........................................................3

*Pioneer Investment Services Co. v. Brunswick Associates Ltd.*
    507 U.S. 380 (1993) ............................................................................4, 5


**STATUTES**

28 U.S.C. § 158(c)(2) ...................................................................................2


**RULES**

8009(b)(1)(A)................................................................................................6

Fed.R.Bankr.P., Rule 8002 .................................................................2, 3, 4, 5

Fed.R.Bankr.P., Rule 8002(d) .............................................................3, 4, 5

Fed.R.Bankr.P., Rule 8002(d)(1)...............................................................3

Fed.R.Bankr.P., Rule 8002(d)(2)...........................................................3, 4

KLINEDINST PC
501 WEST BROADWAY, SUITE 1100
SAN DIEGO, CALIFORNIA 92101

APPELLEES' RESPONSE TO ORDER TO SHOW CAUSE RE DISMISSAL

Fed.R.Bankr.P., Rule 8009 ............................................................................5

Fed.R.Bankr.P., Rule 8009(a)(1)(A) .............................................................6

Fed.R.Bankr.P., Rule 8009(a)(1)(B)..............................................................6

Fed.R.Bankr.P., Rule 9006(b)(1)....................................................................4

Fed.R.Bankr.P., Rules 8001 through 8028 .....................................................5

KLINEDINST PC
501 WEST BROADWAY, SUITE 1100
SAN DIEGO, CALIFORNIA 92101

APPELLEES' RESPONSE TO ORDER TO SHOW CAUSE RE DISMISSAL

## I.

## INTRODUCTION

Appellees, Bank of New York Mellon, Newrez LLC, d.b.a. Shellpoint Mortgage Servicing, and Mortgage Electronic Registration Systems, Inc., object to the untimely filing of the appellant's "amended" notice of appeal, and ask this court to dismiss Barreda's appellate proceedings for lack of jurisdiction. The response to this Court's order to show cause, offered by appellant, George Barreda, provides no proper basis for permitting this appeal to continue. The appeal is untimely, and it lacked a proper record. The appeal should be dismissed.

## II.

## LEGAL DISCUSSION

A. **Barreda conceded he failed to file a timely notice of appeal from both the discharge order and the stay relief order; the Court lacks jurisdiction to review it.**

In his response to this Court's order to show cause, Barreda conceded that he failed to timely file a notice of appeal from the order of discharge, which was entered on November 17, 2025. (Doc. 38.) Barreda's notice of appeal was filed on December 2, 2025, well beyond the 14-day deadline. (Doc. 40.) But it gets worse. Barreda's appeal is clearly not seeking to alter the order of discharge. As he conceded in his response, "The stay relief orders were the substantive basis for the appeal, and the Opening Brief correctly identified them." (Doc. 11, p. 5.) The stay-relief order was entered on October 28, 2025 (Doc. 29.) Barreda's subsequent ex parte motion for relief from the order was denied on November 5, 2025. (Doc. 33, p. 9.) Barreda's first notice of appeal was filed 35 days after the stay relief order was entered, and 27 days after the ex parte order was entered. (Doc. 40.) The appeal—to the extent it seeks reversal of the stay relief order—is untimely for the reasons set forth in appellees' answering brief. (See Doc. 9, pp. 19-20.)

/ / /

KLINEDINST PC
501 WEST BROADWAY, SUITE 1100
SAN DIEGO, CALIFORNIA 92101

1

APPELLEES' RESPONSE TO ORDER TO SHOW CAUSE RE DISMISSAL

The 14-day time deadline of Rule 8002(a) is a jurisdictional requirement. *In re Wilkins*, 587 B.R. 97, 103 (B.A.P. 9th Cir. 2018). District courts have jurisdiction to hear appeals from bankruptcy court orders only if the appeal is taken "in the time provided by Rule 8002 of the Bankruptcy Rules." 28 U.S.C. § 158(c)(2). Because "the untimely filing of the notice of appeal is jurisdictional," *In re Souza,* 795 F.2d 855, 857 (9th Cir. 1986), a court cannot consider a bankruptcy appeal that is filed after the deadline imposed by Rule 8002. *Hamer, supra*, 138 S. Ct. at 15 ("An appeal filing deadline prescribed by statute is considered 'jurisdictional,' meaning that late filing of the appeal notice necessitates dismissal of the appeal.").

Here, even if the Court were to construe Barreda's emergency motion, (Doc. 26), and later ex parte motion, (Doc. 32), as motions falling within the time-extension provisions of Rule 8002(b)(1), his notice of appeal is still untimely. The last order denying Barreda relief from the order granting the stay relief motion was entered on November 5, 2025. (See Doc. 33.) Thus, a timely notice of appeal would need to have been filed on or before November 19, 2025 at the very latest. But, again, the first notice of appeal was filed by Barreda well beyond the 14-day deadline, on December 2, 2025 (Doc. 40.) Further, although Barreda fails to explain why an appeal from the discharge order would save his appeal from an earlier directly appealable order, even that notice of appeal was untimely. As the Court noted in its order to show cause, and as Barreda concedes, his appeal from the discharge order was untimely.

This Court lacks jurisdiction over the appeal and it must be dismissed. *See Fantasia v. Diodato,* 154 F.4th 1123, 1131-1132 (9th Cir. 2025) ("The deadline to file a bankruptcy appeal under Rule 8002 is mandatory and jurisdictional….")

**B.    Relief for excusable neglect is not available to Barreda under the facts of the case.**

The provisions of Bankruptcy Rule 8002 are jurisdictional; the untimely filing of a notice of appeal deprives the appellate court of jurisdiction to review the

KLINEDINST PC
501 WEST BROADWAY, SUITE 1100
SAN DIEGO, CALIFORNIA 92101

APPELLEES' RESPONSE TO ORDER TO SHOW CAUSE RE DISMISSAL

bankruptcy court's order. *In re Mouradick,* 13 F.3d 326, 327 (9th Cir. 1994), citing *Matter of Mullis,* 79 B.R. 26, 27 (D.Nev.1987), *In re Souza, supra*, 795 F.2d at 857; and *Matter of Ramsey,* 612 F.2d 1220, 1222 (9th Cir.1980). "This rigid enforcement is justified by the "peculiar demands of a bankruptcy proceeding," primarily the need for expedient administration of the Bankruptcy estate aided by certain finality of orders issued by the Court in the course of administration." *In re Nucorp Energy, Inc.*, 812 F.2d 582, 584 (9th Cir.1987), quoting, *Matter of Thomas,* 67 B.R. 61, 62 (Bankr.M.D.Fla.1986).

Rule 8002(d) controls the limited ability to extend the time to file a notice of appeal. It provides that the bankruptcy court may, on motion, extend the time to file a notice of appeal if the motion is filed within the time to file the notice of appeal, or within 21 days after that time expires, if the party shows excusable neglect. *See* Fed.R.Bankr.P., Rule 8002(d)(1); *In re Mouradick*, 13 F.3d at p. 327. Notably, the same subdivision states that the bankruptcy court must not extend the time to file the notice if the judgment, order, or decree being appealed "grants relief from an automatic stay under § 362." *See* Fed.R.Bankr.P., Rule 8002(d)(2).

Here, Barreda concedes that his substantive appeal is from the order granting relief from an automatic stay under section 362. (Doc. 11, p. 5 ["The stay relief orders were the substantive basis for the appeal, and the Opening Brief correctly identified them."]) Thus, there can be no order extending time to file the notice of appeal. Further, the Rule requires that the motion must be filed in the bankruptcy court. No such motion was ever filed. Also, the time to bring such a motion expired 20 days after the last day to file a timely notice of appeal. Fed. R. Bankr. P., Rule 8002. Here, the last day to file a motion for leave to file a late appeal from the stay relief order was December 9, 2025. Even assuming *arguendo* that Barreda's appeal from the discharge order would properly preserve an appeal from the prior stay relief order, the last day to move to extend that filing deadline was Monday, December 21, 2025. Here, Barreda never sought leave to file a late notice of appeal.

3

Rather, he raised the issue for the first time in his April 24, 2026 response to this Court's order to show cause. (Doc. 11, p. 2.)

## C.    Barreda misplaces his reliance on *Pioneer*.

Conceding that his appeal is untimely, Barreda ineffectively argues that this Court can excuse the jurisdictional failure based on the Supreme Court's holding in *Pioneer Investment Services Co. v. Brunswick Associates Ltd.,* 507 U.S. 380 (1993). The case does not support Barreda's position. The *Pioneer* case involved a motion for leave to file a late proof of claim beyond the bar date. (*Id*. at 384.) The motion for relief was brought in accordance with Bankruptcy Rule 9006(b)(1). The case simply did not involve a late-filed notice of appeal, nor did it even address a motion for relief under the relevant rule, Bankruptcy rule 8002(d)(2).

The issue was directly addressed in *In re Mowers*, 160 B.R. 720, 724 (Bankr. N.D.N.Y. 1993), where the court acknowledged *Pioneer's* inapplicability to an extension of time to file a notice of appeal. There, the court held that, "Given that the whole of the discussion in *Pioneer* focuses on Fed.R.Bankr.P. 9006(b)(1), *Pioneer* may appropriately be applied in all instances where Fed.R.Bankr.P., Rule 9006(b)(1) governs the enlargement of time frames prescribed by the other bankruptcy rules. *In re Mowers,* at p. 724. But it continued that, "pursuant to subsection (b)(3) of Rule 9006, and as noted by the Supreme Court at [507] U.S. [380, 389, fn. 4], [citation omitted], the time frames provided under Fed.R.Bankr.P., Rule 8002 are specifically excepted from the reach of Fed.R.Bankr.P., Rule 9006(b)(1)." *Id*.

Sound policy reasons also support the distinction between *Pioneer* and Rule 8002(d). As the *Mowers* court noted:

> Indeed, the policy considerations cited by the Supreme Court as supporting its determination to apply a more liberal "excusable neglect" standard under Fed.R.Bankr.P. 9006(b)(1) in the context of a late filed proof of claim under Fed.R.Bankr.P. 3003(c), to wit, "avoiding forfeitures by creditors," [citation omitted], are not generally supportive

KLINEDINST PC
501 WEST BROADWAY, SUITE 1100
SAN DIEGO, CALIFORNIA 92101

APPELLEES' RESPONSE TO ORDER TO SHOW CAUSE RE DISMISSAL

of the abbreviated time constraints for filing a notice of appeal in bankruptcy which are jurisdictional in nature and serve to "[assure] prompt appellate review, often important in the administration of a case under the Code", see Advisory Committee Note on Fed.R.Bankr.P. 8002, Norton Bankr.Rules Pamphlet 1992–93 Ed. p. 532, and which also "provide a definite point at which, in the absence of a notice of appeal, litigation will come to a close. See *650 Park Ave. Corp. v. McRae, supra,* 836 F.2d at 766 (citation omitted).

*In re Mowers,* 160 B.R. at p. 724. Barreda's reliance upon *Pioneer* is entirely misplaced.

Barreda cannot escape the fact that an extension of the time to file a notice of appeal is limited to the procedure contemplated by Rule 8002(d). In this case, Barreda failed to follow the proper procedure, and bring a timely motion to extend the filing deadline under rule 8002(d). Instead, he filed an untimely appeal, sat on his hands, and did not address the issue until this court issued its order to show cause. The defect is jurisdictional, and cannot be excused at this late date. The appeal must be dismissed.

**D.    Dismissal is also warranted based on Barreda's failure to act promptly to procure the record on appeal.**

Only after Appellees filed their answering brief raising the issue, and the Court issued its order to show cause, did Barreda make any effort to procure a proper record on appeal. The court should reject Barreda's untimely and improper response. Barreda should not be rewarded after he ignored the record designation requirements clearly laid out for him at the beginning of this appeal.

The Local Bankruptcy Rules confirm that all bankruptcy appeals are subject to FRBP Rules 8001 through 8028. (See LBR 8000-1(a).) FRBP Rule 8009 provides that an appellant *must* (A) file with the bankruptcy clerk a designation of the items to be included in the record on appeal and a statement of the issues to be presented; and (B) file and serve the designation statement on the appellee within 14 days after… the notice of appeal as of right has become effective. (FRPB Rules

KLINEDINST PC
501 WEST BROADWAY, SUITE 1100
SAN DIEGO, CALIFORNIA 92101

5

8009(a)(1)(A) and (B).) Further, it is the appellant's duty to order, in writing from the court reporter, and file with the bankruptcy clerk, the transcripts necessary for the appeal. (FRBP Rule 8009(b)(1)(A).) From the docket, it appears that these mandatory steps were not taken until after this Court issued its order to show cause.

There is no indication that a record was timely and properly designated in this appeal. Instead, Barreda submitted an opening brief, without a proper accompanying Excerpts of Record. The opening brief made no effort to cite to a proper record on appeal. Moreover, no transcript of the October 1, 2025 hearing was designated until after the Court issued its order to show cause. The oral record was simply ignored here, even though what occurred at that hearing appeared to be critical to Barreda's due process argument that he was denied a fair hearing.

As argued in the previously filed answering brief, *In re Fitzsimmons,* 920 F.2d 1468, 1471-1475 (9th Cir. 1990), is highly instructive. There an appellant acted in bad faith when it delayed service of the record designation for well over a month, and waited two months before formally requesting transcripts from the clerk, in what was described as a "slipshod" request. (*Id*. at 1471.) The appellant then delayed payment for the transcripts for over eight months. (*Id*.)

Here, Barreda's bad faith is similar. He only designated a record *after* the parties briefed the case, and appellees raised the lack of a record as a basis for affirming the stay relief order. Similarly, Barreda did not designate the transcript of the hearing on the stay relief motion until after briefing was completed by appellees. This is notable, as one of Barreda's main contentions was a claim that he was denied a fair hearing, when in fact the bankruptcy court described a properly noticed hearing that went forward without an appearance by Barreda or his attorney, until well after the case had been called, the motion had been ruled upon, the court's oral argument calendar had concluded, opposing counsel was no longer present, and the court had gone off the record. (See Doc. 28, p. 4, fn. 5.) A proper and timely designation of the record to include this transcript would clarify what exactly

KLINEDINST PC
501 WEST BROADWAY, SUITE 1100
SAN DIEGO, CALIFORNIA 92101

APPELLEES' RESPONSE TO ORDER TO SHOW CAUSE RE DISMISSAL

happened at the hearing. Yet no attempt to designate this transcript was made until after the order to show cause was issued here. Failure of the appellant to timely designate and include this transcript in the record on appeal implies that the transcript would only confirm what the bankruptcy court has already stated in its order denying Barreda's emergency motion. (*Id*.)

Given the above, this Court would be acting well within its discretion if it found that dismissal of Barreda's appeal is warranted based not simply upon the untimely filing of the notice of appeal, but upon appellant's bad faith failure to perfect an accurate record on appeal that clearly established the factual and procedural history of what happened in the underlying case.

**E.** **The equities do not warrant saving this tactical appeal, filed solely for the purpose of delaying appellees from exercising their foreclosure rights.**

Barreda argues that dismissal is unwarranted, and the equities should fall in his favor. As discussed above, there simply is no basis for balancing equities, because the defect is jurisdictional. But in addition, the equities favor an end to this continual roundelay of bankruptcy filings, and adversary proceedings.

From the beginning, Barreda has played fast and loose with the bankruptcy courts, using the automatic stay provisions and debtor protections in bad faith, to delay and hinder the appellees' proper exercise of their rights under the parties' deed of trust. (See Doc. 29, finding bad faith repeated filings.) Further, as discussed in appellees' prior brief, the bankruptcy court found, when it denied Barreda's *final* ex parte motion, that the arguments Barrada raised were made previously, either in opposition to the original stay relief motion, or in support of the previous emergency motion. (Doc. 33, pp. 3-6.) In addition, the bankruptcy court determined that, even if it could reach the merits of the ex parte motion, Barreda had not shown the possibility of success on the merits. All of the arguments made in the ex parte motion duplicated those previously made and rejected by the bankruptcy court on various grounds. (Doc. 33, p. 7.) The bankruptcy court noted that, "At this juncture,

7

KLINEDINST PC
501 WEST BROADWAY, SUITE 1100
SAN DIEGO, CALIFORNIA 92101

Debtor's contentions border on being wholly without merit. The Ex Parte Motion marks the Debtor's third successive attempt to prevent foreclosure of the Property with the same argument…." (*Id.*)

In addition, appellees' answering brief set forth both procedural and substantive arguments showing that Barreda's appeal from the stay relief order is wholly and completely without merit.[1] Newrez had standing to bring the stay relief motion. Barreda was given notice and an opportunity to oppose the motion. The bankruptcy court granted relief from the stay provisions on multiple grounds not addressed by Barreda in his opening brief. Admissible evidence established grounds for the relief that was ordered. The orders regarding the stay relief motion were proper and complied with any requirements under Rule 52(a), and the exemptions cited by Barreda were not a proper basis for reversal of the bankruptcy court's order.

This Court should put an end to the debtor's gamesmanship. While the bankruptcy courts are here to protect debtors, they should not be misused in the manner seen here.

### III.

### CONCLUSION

For all of the reasons set forth above, appellees respectfully request an order dismissing this appeal forthwith.

KLINEDINST PC

DATED:  May 1, 2026

By:  _____/s/_Robert M. Shaughnessy_____
Robert M. Shaughnessy
Attorneys for Appellees BANK OF NEW YORK MELLON TRUST; NEWREZ LLC dba SHELLPOINT MORTGAGE SERVICING; and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS INC. (MERS)

30875030.1

---

[1] To avoid repetition, appellees incorporate their answering brief, (Doc. 9), by reference.

8

APPELLEES' RESPONSE TO ORDER TO SHOW CAUSE RE DISMISSAL